UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cr-30022-SLD-JEH |
| | ) | |
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Defendant's Challenge to Title 21 U.S.C. §851 Enhancement ("851 Challenge"), ECF No. 314.  For the reasons that follow, it is DENIED.

**BACKGROUND**

Defendant was indicted on one count of delivery of a substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Indictment 1, ECF No. 1.  Section 841(b)(1)(C) sets the penalties for a person whose violation of § 841(a) involves a controlled substance in schedule I or II without a minimum drug weight.  It sets a twenty-year maximum term of imprisonment with some exceptions.  *Id.*  As relevant here, if the person commits the § 841(a) violation "after a prior conviction for a felony drug offense has become final," the maximum term of imprisonment becomes thirty years.  21 U.S.C. § 841(b)(1)(C).  A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  *Id.* § 802(44).

Before a person can be sentenced to an increased punishment under § 841(b)(1)(C) due to prior convictions, the Government must "before trial, or before entry of a plea of guilty . . . file[]

an information with the court (and serve[] a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." *Id.* § 851(a). "If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," he must file a written response. *Id.* § 851(c)(1). A person may not, however, "challenge the validity of any prior conviction alleged under this section" that occurred more than five years before the date the information was filed. *Id.* § 851(e).

On June 9, 2022, the Government filed an information notifying Defendant and the Court that Defendant had a prior conviction that subjected him to a thirty-year maximum term of imprisonment, namely his conviction in case number 2:14-cr-30046 in this Court. *See* Information, ECF No. 57. The Government erroneously stated that this prior conviction was a serious violent felony. *Id.* at 2. An amended information was filed on June 16, 2022, stating that Defendant's prior conviction was a serious drug felony offense and noting that Defendant faced a possible sentence of ten years or more of imprisonment, that Defendant served a term of more than twelve months of imprisonment, and that Defendant was released from imprisonment within fifteen years of the commencement of the offense alleged in the indictment. Am. Information 1– 2, ECF No. 73. The length of time a defendant serves and when he is released from imprisonment relate to the definition of serious drug felony, *see* 21 U.S.C. § 802(57), which is distinct from a felony drug offense, *compare id.*, *with id.* § 802(44). While increased punishment for prior drug convictions under § 841(b)(1)(A) and (b)(1)(B) are now based on serious drug felonies, increased punishment for prior drug convictions under § 841(b)(1)(C) is still based on felony drug offenses.

While Defendant was proceeding *pro se*, he filed motions relating to his § 851 information. *See* Jan. 20, 2023 Text Order (identifying Defendant's motions and documents

relating to the § 851 information).  The Court ordered the Clerk to provide certain documents to Defendant but held that Defendant was "not entitled to challenge the validity of his 2014 conviction because the conviction 'occurred more than five years before the date of the information alleging such prior conviction.'"  *Id.* (quoting 21 U.S.C. § 851(e)).  Accordingly, it informed Defendant that any challenges to his conviction would be limited to "denial of the existence of the prior conviction, a challenge that the facts alleged in the Government's information are incorrect, or a legal argument that the 2014 conviction is not a predicate felony drug offense."  *Id.* (citing *Arreola-Castillo v. United States*, 889 F.3d 378, 387 (7th Cir. 2018)).  Defendant moved for reconsideration of the January 20, 2023 Text Order, *see, e.g.*, Mot. Reconsideration, ECF No. 237, which the Court denied, *see* Feb. 13, 2013 Text Order.  The Court subsequently appointed Defendant counsel at his request.  *See* Mar. 6, 2023 Text Order. The 851 Challenge followed.

## DISCUSSION

Defendant asserts that: 1) he was not released from custody within fifteen years of the commencement of this offense; and 2) "that he received ineffective assistance of counsel for the representation leading up to the 2014 federal felony drug conviction" and that "[t]rial counsel's representation was so deficient that it amounted to no representation at all."  851 Challenge 2–4. He claims that "[g]iven the Court's previous ruling, [he] is not challenging the validity of the §851 Enhancement but merely the existence."  *Id.* at 2.

Defendant's first argument is meritless because there is no requirement that Defendant have been released from custody within fifteen years of commencement of the offense when the relevant prior conviction is a felony drug offense as opposed to a serious drug felony.  *Compare* 21 U.S.C. § 802(44), *with id.* § 802(52).  Section 841(b)(1)(C) only requires that a prior

conviction be a felony drug offense.  Accordingly, when Defendant was released from custody

on his prior conviction is irrelevant to whether he is eligible for an enhanced sentence.

Defendant's second argument is also meritless.  As the Court has held many times, and

Defendant purports to recognize, Defendant may not challenge the validity of his prior

conviction because it occurred more than five years before the information was filed in this case.

Defendant attempts to turn an ineffective assistance of counsel claim, which is a claim about the

validity of his conviction, into one about the existence of the conviction by arguing that "but for

trial counsel's conduct . . . Defendant would not been prosecuted in docket number 14-cr-30046

and said federal conviction would not have existed."  851 Challenge 4.  This phrasing does not

change the fact that he is arguing that his conviction was obtained in violation of his Sixth

Amendment right to the effective assistance of counsel, which is a claim about the validity of his

conviction, not its existence.  Defendant also claims that his counsel's "representation was so

deficient that it amounted to no representation at all."  *Id.*  Presumably, he does so to attempt to

take advantage of a limited exception permitting a collateral attack on a prior conviction at

sentencing where the court failed to provide counsel to a defendant.  *United States v. Arango-*

*Montoya*, 61 F.3d 1331, 1336 (1995) ("[N]otwithstanding any right to a collateral attack of a

prior sentence guaranteed by Federal statute or the United States Sentencing Guidelines, a prior

conviction may be collaterally attacked at sentencing only where the defendant claims that he

was deprived of counsel in violation of *Gideon*[ *v. Wainwright*, 372 U.S. 335 (1963)]."); *see also*

*Custis v. United States*, 511 U.S. 485, 493–96 (1994).  But Defendant concedes that he did have

counsel for his 2014 case, he just complains that counsel was inadequate.  Again, Defendant's

statement that counsel's representation "amounted to no representation at all," 851 Challenge 4,

does not transform his ineffective assistance of counsel claim—which is barred by § 851(e)—

into one that he lacked representation entirely, which would be allowed. *See Custis*, 511 U.S. at 496 (distinguishing between "failure to appoint counsel at all" which the Court noted would "generally appear from the judgment roll itself" and ineffective assistance of counsel which would require courts to sift through records).

## CONCLUSION

Defendant's Challenge to Title 21 U.S.C. §851 Enhancement, ECF No. 314, is DENIED.

Entered this 2nd day of October, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE